IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN DUNN,

    Petitioner,                   No. 2: 11-cv-2731 JAM GGH P

    vs.

GARY SWARTHOUT, et al.,

    Respondents.                FINDINGS & RECOMMENDATIONS

_____/

Introduction

        Petitioner, a state prisoner proceeding pro se, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to dismiss for failure to state grounds for federal habeas relief, filed on January 17, 2012, to which petitioner filed his opposition on February 2, 2012.  Docket # 11 & # 12.

Background

        Petitioner challenges a prison disciplinary guilty finding for fighting that resulted in 61 days of credit loss, which petitioner also claims could lead to a seven-to-fifteen-year denial by the Board of Parole Hearings (BPH).  Petition, at dkt # 1, p. 1.  Petitioner states that he faces a possible multiple-year denial of up to fifteen years at his next parole hearing, which was evidently scheduled for May 25, 2012 (which would have occurred prior to the filing of these

1

findings and recommendations but after the submission of the pending motion). Id., at 13. Petitioner alleges various due process violations regarding the disciplinary hearing and finding. See Petition.

Analysis

This court has jurisdiction to consider habeas petitions where the petitioner is "in custody pursuant to the judgment of a State court" and alleges that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A writ of habeas corpus is not limited to immediate release from unlawful confinement, but rather is available to attack future confinement and obtain future releases. See Preiser v. Rodriguez, 411 U.S. 475, 487, 93 S.Ct. 1827 (1973); see also Toussaint v. McCarthy, 801 F.2d 1080, 1096 n.14 (9th Cir. 1986)[1] ("To the extent that defendants may from time to time deny the credits due under sections 2931 and 2933, without affording a prisoner due process of law, that prisoner may obtain habeas corpus relief."). A prisoner may challenge a prison disciplinary conviction by petition for writ of habeas corpus if the conviction resulted in the loss of good time credits because credits impact the duration of the prisoner's confinement. Preiser at 487-88 (suit seeking restoration of good time credits was "within the core of habeas corpus in attacking the very duration of their physical confinement itself"). In dicta, the court in Preiser noted that such a challenge is permissible even if restoration of the credits would not result in the prisoner's immediate release from prison. Id.

"Habeas corpus jurisdiction also exists when a petitioner seeks expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole." Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989); see also Docken v. Chase, 393 F.3d 1024, 1031 (9th Cir. 2004) ("[W]e understand Bostic's use of the term 'likely' to identify claims with a sufficient nexus to the length of imprisonment so as to

---

[1] Toussaint was overruled in part on other grounds by Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293 (1995).

implicate, but not fall squarely within, the 'core' challenges identified by the Preiser Court.")

Pursuant to Cal. Code Regs. tit.xv, § 2402(a), the BPH is required to determine petitioner's suitability for parole by considering: his "involvement in other criminal misconduct which is reliably documented;" his "behavior before, during, and after the crime;" and whether he "has engaged in serious misconduct in prison or jail." Cal. Code Regs. tit.xv, § 2402(b), (c)(6) (2010). Institutional behavior is given additional consideration because "[i]nstitutional activities indicate an enhanced ability to function within the law upon release." Id. § 2402(d)(9). Therefore, the BPH is required to consider petitioner's prison disciplinary record in determining his suitability for parole.

Respondent argues habeas jurisdiction is lacking because petitioner's challenge, wherein he seeks restoration of lost time credits, will not necessarily impact petitioner's sentence's duration, citing Preiser and Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).[2] While respondent concedes that petitioner lost credits as a result of the disciplinary finding, respondent contends that credits earned and forfeited under the state's penal code only apply to determinate sentences. Motion to Dismiss (MTD), p. 3, citing Cal. Pen. Code §§ 1170, 2932, 2933(a); Cal. Code Regs. tit.xv, § 3043.3(a). Citing Cal. Pen. Code § 669, respondent observes that when a prisoner's term includes both determinate and indeterminate sentences, the determinate portion is served first. MTD, p. 3, citing id. Thus, credit earnings and losses impact when the life term begins and, once the life term commences, an inmate cannot be released on

---

[2] In Ramirez, a California state prisoner brought a civil rights action under 42 U.S.C. § 1983 seeking damages, declaratory relief and injunctive relief. Id. at 853. The prisoner's complaint alleged that the procedures of his prison disciplinary hearing and the term of his administrative segregation violated his constitutional rights. Id. at 852. The district court dismissed both claims. Id. The Ninth Circuit reversed, holding that an inmate can "challenge the conditions of his confinement under § 1983 [where] his claim, if successful, would not necessarily invalidate a disciplinary action that affects the fact or length of his confinement." Id. In dicta, the court in Ramirez suggested that its holding "also clarifies our prior decisions addressing the availability of habeas corpus to challenge the conditions of imprisonment." Id. at 858. The Ninth Circuit suggested that "habeas jurisdiction is absent . . . where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Id. at 859.

1  parole until his minimum eligible parole date (MEPD).  MTD, p. 3, citing § 3046; Cal. Code Regs.
2  tit.xv, § 2000(b)(67).  The MEPD is adjusted through the credit earnings and losses governed by
3  the penal code.  MTD, p. 3, citing Cal. Code Regs. tit.xv, § 2400.  Such adjustments to an
4  inmate's MEPD affect when he begins to receive consideration for parole because the initial
5  parole hearing is held one year before the MEPD.  MTD, p. 3, citing Cal. Pen. Code § 3041(a).
6  Respondent emphasizes that whatever a prisoner's MEPD, he will not be released until the BPH
7  finds him to be suitable for parole and, if he is so found, his actual term of imprisonment will
8  then not be determined by statutory credits, but by the BPH.  MTD, p. 3, citing Cal. Pen. Code §
9  3041(a); Cal. Code Regs. tit.xv, §§ 2401(a), 2403.  Therefore, respondent argues, the duration of
10 an inmates's incarceration for a life term is determined not by statutory credit earnings and
11 losses, but by the BPH.  MTD, p. 3.

12         The undersigned does not find respondent's argument persuasive, instead agreeing
13 with petitioner that it is likely that expungement of the disciplinary finding could accelerate
14 petitioner's parole eligibility.  Opposition (Opp.), p. 2.  In the first place, as noted above, a
15 challenge by a prisoner to a prison disciplinary conviction by a habeas corpus petition if the
16 conviction resulted in the loss of good time credits and seeking restoration of such credits comes
17 "within the core of habeas corpus in attacking the very duration of their physical confinement
18 itself").  Preiser at 487-88.  Further, reversal or expungement of petitioner's conviction for the
19 rules violation, if warranted, is both "likely" to accelerate his eligibility for parole, Bostic, 884
20 F.2d at 1269, and "could potentially affect the duration of [his] confinement."  Docken, 393 F.3d
21 at 1031.  See, e.g., Avina v. Adams, 2011 WL 6752407 *18 (Case No.1:10-0790) (E.D. Cal. Dec.
22 23, 2011) (recommending denial of motion to dismiss petitioner's challenge where he was
23 assessed a time credit loss at a prison disciplinary hearing, alternatively, finding that
24 expungement of the disciplinary finding potentially could affect his duration of confinement),
25 adopted by order, see Avina v. Adams, 2012 WL 1130610 *1-3 (E.D. Cal. Mar 30, 2012); id. at
26 *2, acknowledging inconsistent conclusions of Ninth Circuit district courts and Eastern District

of California judges regarding habeas corpus jurisdiction where petitioner has not lost credits for a prison disciplinary finding or cannot receive prison credits, but finding persuasive the newer cases wherein district courts [and a Ninth Circuit panel] have found they have jurisdiction, i.e., Martin v. Tilton, 430 Appx. 590, 591,[3] 2011 WL 1624989, at *1; Chavez v. Lewis, 2012 WL 538242 [at *11-12] (N.D.Cal. Feb 17, 2012); Young v. Sisto, 2012 WL 125520 [*4-5] (E.D.Cal. Jan 17, 2012); Morris v. Haviland, 2011 WL 3875708 [at *2-7] (E.D.Cal. Sep 01, 2011); Maxwell v. Neotti, 2010 WL 3338806 [at *3-6] (S.D. Cal. Jul 15, 2010); see also, Johnson v. Swarthout, 2011 WL 1585859 at *2-3 (2:10-cv-1568 KJM DAD P) (E.D. Cal. Apr 22, 2011) (findings and recommendations recommending that habeas jurisdiction exists for a challenge to a disciplinary decision, adopted by order filed on August 12, 2011); Allen v. Swarthout, 2011 WL 2680756 (2:10-cv-3257 GEB GGH P)(E.D. Cal. Jul 8, 2011) (order adopting findings and recommendations[4] of the undersigned, denying motion to dismiss challenge to prison disciplinary that did not result in time credit loss because it could affect his next BPH hearing and release); Hardney v. Carey, 2011 WL 1302147 at *5-8 (2:06-cv-0300 LKK EFB) (E.D. Cal. Mar. 31, 2011) (finding habeas corpus jurisdiction for prison disciplinary conviction because expungement like to accelerate parole eligibility and reaching merits)[5]; Foster v. Washington-Adduci, 2010 WL 1734916 at *4 (C.D. Cal. Mar. 24, 2010) (respondent's reliance on dictum from Ramirez was not persuasive in case brought under § 2241 in the federal prison context)[6]; Murphy v. Dep't of Corrs. & Rehabilitation, 2008 WL 111226 at *7 (N.D. Cal. Jan. 9, 2008) (habeas corpus jurisdiction is proper to challenge a disciplinary guilty finding because "[a]s a

---

[3] Beginning with decisions issued in 2007, unpublished Ninth Circuit decisions may be cited. Ninth Circuit Rule 36-3. Although still not precedential in the binding sense, the unpublished decisions do have a certain amount of persuasive value, and indicate how Ninth Circuit judges apply binding precedent.

[4] See Allen v. Swarthout, 2011 WL 2075713 at *1-3 (E.D. Cal. May 23, 2011).

[5] Adopted by order, filed on June 6, 2011.

[6] Adopted by order, filed on April 27, 2010.

matter of law, it is well established that a disciplinary violation may affect the duration of an inmate's confinement"); Drake v. Felker, 2007 WL 4404432 at *2 (2:07-cv-0577 JKS) (E.D. Cal. Dec. 13, 2007) (habeas corpus jurisdiction found to exist over a challenge to a disciplinary decision because "a negative disciplinary finding, at least in California, necessarily affects potential eligibility for parole").

There is no doubt that there has been inconsistency inasmuch as some district courts have found no habeas jurisdiction in this context, see, e.g., Perrotte v. Salazar, 2010 WL 5641067 at * 5 (ED: 06-cv-0539 JHN (VBK) (C.D. Cal. Nov 8, 2010) (finding "merely speculative" that disciplinary charge could affect parole eligibility)[7]; Rhodes v. Evans, 2:09-cv-1842 JAM EFB, docket #'s 18, 20 (E.D. Cal. Apr. 4, 2011) (district judge held that challenge to disciplinary decision was not cognizable on habeas review, rejecting magistrates judge's recommendation); Norman v. Salazar, 2010 WL 2197541 at *2 (C.D. Cal. Jan 26, 2010) ("the mere possibility that the 2006 disciplinary conviction could be detrimental to petitioner in future parole hearings is too speculative to serve as the basis for a habeas corpus petition")[8]; Santibanez v. Marshall, 2009 WL 1873044 at *7 (C.D. Cal. Jun 30, 2009) (claim seeking expungement of disciplinary conviction not cognizable on habeas review because it would have only speculative impact on the petitioner's consideration for parole in the future).

However, based on the record in the instant case, the undersigned finds that petitioner has stated a federal claim. The disciplinary finding for fighting is "criminal misconduct which is reliably documented." Cal. Code Regs. tit. 15 § 2402(b). The BPH is required to consider the violation because it reflects on petitioner's behavior "after the crime." Id. In an effort to ascertain concretely whether or not the fighting disciplinary compromised his parole eligibility, the undersigned issued a show cause order, filed on July 12, 2012, ordering the

---

[7] Adopted by order, filed on January 24, 2011.

[8] Adopted by order, filed on May 26, 2010.

6

parties to inform the court whether, in fact, petitioner did have a parole hearing in May of 2012, and, if so, whether the guilty finding at the disciplinary hearing was expressly noted by the BPH and impacted petitioner's parole eligibility.  See Order at docket # 13.  Respondent has subsequently informed the court that petitioner waived that parole hearing.  Reply at docket # 15.  Respondent includes a copy of the form wherein petitioner waived the May, 2012, parole hearing for one year, expressing as the reason for the waiver that petitioner "would like more time to program & remain disciplinary free."  Exhibit 1 to Reply.  Although respondent argues, unsurprisingly, in light of the waiver, that the court can only speculate as to whether or not the disciplinary finding could impact petitioner's parole eligibility negatively.  Reply, pp. 1-2, citing Sisk v. CSO Branch, 974 F.2d 116, 117 (9th Cir. 1992)("A prisoner may bring a section 1983 action to challenge disciplinary procedures having only a 'speculative or incidental effect' on the length of his sentence.").  However, it is the arguably idiosyncratic ruling of Bostic[9] which must prevail.  It is at least 'likely' that expungement of the disciplinary finding could accelerate petitioner's eligibility for parole at any future parole hearing.

While it is arguable that some disciplinary findings could be too insignificant for habeas jurisdiction, the issue of fighting in prison could hardly be characterized as such.  Therefore, the instant disciplinary finding is significant enough to warrant habeas review from this court.

The court also notes that the United States Supreme Court fairly recently held that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context.  Swarthout v. Cooke, ___U.S. ___, 131 S. Ct. 859, 861 (2011).  However, the undersigned does not find that Swarthout controls in this situation.  While Swarthout indeed fundamentally altered the

---

[9] Indeed, the undersigned, bound by the ruling of Bostic, is puzzled by its rationale and its applicability in the habeas setting, without which the court would not find petitioner had stated a federal habeas claim in this context.

landscape of parole habeas law, its holding is not closely related enough to <u>Bostic</u>, so as to overrule <u>Bostic</u>.  If <u>Bostic</u> is indeed overruled in light of <u>Swarthout</u>, that is not for this court to decide.  <u>Bostic</u> is still good law in the Ninth Circuit and petitioner has demonstrated that it is at least 'likely' that expungement of the disciplinary finding could accelerate his eligibility for parole.  Therefore, this court finds respondent's motion to dismiss should be denied and that respondent should be directed to file an answer to the petition within 60 days.

        Accordingly, IT IS HEREBY RECOMMENDED that respondent's January 17, 2012 (docket # 11), motion to dismiss be denied and respondent be directed to file an answer to the petition within sixty days.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 31, 2012

                      <u>/s/ Gregory G. Hollows</u>
                UNITED STATES MAGISTRATE JUDGE

GGH: 009
dunn2731..mtd