UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DUNN, | No. 2:11-cv-2731 JAM GGH P |
| Petitioner, | |
| v. | ORDER |
| GARY SWARTHOUT, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Presently scheduled for January 23, 2014 is an evidentiary hearing. Pursuant to Rule 8(c) of the Rules Governing Habeas Corpus Cases, "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A. The judge must conduct the hearing as soon as practicable after giving the attorneys adequate time to investigate and prepare."

/////
/////
/////
/////

1

1   Therefore, petitioner may choose to have counsel appointed for him[1]; however, the
2   January 23rd hearing date would need to be continued in order for counsel to be able to prepare.
3   If petitioner chooses not to avail himself of counsel and represent himself at the evidentiary
4   hearing, the hearing will proceed on January 23rd provided that petitioner responds to the order in
5   time for a writ to be issued to bring him and his witness to court.
6   Accordingly, IT IS HEREBY ORDERED that: Petitioner shall inform this court
7   FORTHWITH or within ten (10) days of this order whether he wishes counsel to represent him at
8   the evidentiary hearing.  No extensions of time will be granted.
9   Dated: December 3, 2013

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

Dunn2731.counsel.hc

---

[1] The "must" language of Rule 8(c) is inconsistent with 28 U.S.C. 1654 which provides that "the parties may plead and conduct their own cases personally…." The harmonization of the two conflicting provisions would be that counsel must be appointed *if* the petitioner desires counsel.

2